IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUNICE J. WINZER, Individually §<br>and on behalf of the statutory beneficiaries §<br>of GABRIEL A. WINZER, SOHEILA §<br>WINZER AND HENRY WINZER, §<br>§<br>§<br>§<br>Plaintiffs, §<br>§<br>§<br>v. §<br>§<br>KAUFMAN COUNTY, BILL CUELLAR §<br>GARRY HUDDLESTON AND §<br>MATTHEW HINDS, §<br>§<br>§<br>Defendants. § | **FILED**<br>**September 21, 2015**<br>KAREN MITCHELL<br>CLERK, U.S. DISTRICT COURT<br><br>CIVIL ACTION NO. 3:15-CV-1284<br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' THIRD AMENDED COMPLAINT

COMES NOW, Eunice J. Winzer, Individually, and on behalf of the statutory beneficiaries of Gabriel A. Winzer, Soheila Winzer and Henry Winzer (collectively referred herein as "Plaintiffs"), complaining of Defendants, Kaufman County, Texas, more particularly The Kaufman County Sheriff Department ("KCSD"), Bill Cuellar, Garry Huddleston and Matthew Hinds and the City of Terrell, Texas, and for cause would show the Honorable Court as follow:

### I.

### NATURE OF THE ACTION

1.     This is an action brought by the Plaintiffs against Defendants for Kaufman County Sherriff Deputies Bill Cuellar ("Cuellar"), Garry Huddleston ("Huddleston") and Matthew Hinds' ("Hinds") use of excessive and deadly force resulting in the unlawful death of

Gabriel A. Winzer ("Winzer") under the color of law in violation of his individual rights under the Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983. Furthermore, Plaintiffs are entitled to recover to the full extent applicable by law under the Wrongful Death Statute and the Survival Statute and all other applicable laws complaining of the various acts listed below and for their wrongful death and survival cause of action.

2. Plaintiff alleges that Kaufman County, Texas ("Kaufman County") and its policy makers, specifically County Judge Bruce Wood ("Wood") along with Sheriff David Byrnes ("Byrnes"), and the Kaufman County Commissioners (collectively referred herein as the "Policymakers") failed to properly supervise, screen, discipline, transfer, counsel or otherwise control deputies who are known, or who should have been known, to engage in the use of deadly force, including those officers repeatedly accused of such acts. The Policymakers, specifically Judge Wood, along with Sherriff Byrnes had a duty, but failed to implement and/or enforce policies, practices and procedures for the Kaufman County Sherriff Department that respected Gabriel A. Winzer's constitutional rights to assistance, protection, and equal treatment under the law. Defendant Kaufman County, Texas and its Policymakers, specifically Judge Wood, along with Sherriff Byrnes, failure to implement the necessary policies and the implementation of unconstitutional policies deprived Gabriel of equal protection and due process under the Fourteenth Amendment and caused his unwarranted and excruciating physical and mental anguish and death. For these civil rights violations and other causes of action discussed herein, Plaintiffs seek answers and compensation for damages and the wrongful death of Gabriel A. Winzer.

## PARTIES

3.     Plaintiff, Eunice J. Winzer is a citizen of the United States and a resident of Dallas, Texas. Eunice J. Winzer is the mother of Gabriel Winzer, decedent, and brings this wrongful-death action pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021, as the mother of Gabriel A. Winzer who, at the time of his death, was a resident of Elmo, Texas.

4.     Plaintiff, Henry Winzer is a citizen of the United States and a resident of Elmo, Texas. Henry Winzer is the father of Gabriel Winzer, decedent, and brings this wrongful-death action pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021, as the father of Gabriel Winzer who, at the time of his death, was a resident of Elmo, Texas.

5.     Defendant Kaufman County, Texas' county seat is located in Northeastern Texas. Kaufman County funds and operates the KCSD, and Judge Wood as the county judge is considered the chief executive officer of the county, presiding over the Commissioners Court and the County Court. The Kaufman County Sheriff's Office is an Agency of the County created to provide safety services to those people in the County of Kaufman by enforcing laws, administering regulatory programs, managing records, educating the public and managing emergencies, both directly and through interactions with other agencies. Judge Wood, along with Sheriff Byrnes, were responsible for the implementation of the sheriff department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The Kaufman County Sheriff's Department is also responsible for preventive, investigative, enforcement services and assuring safety for all citizens of Kaufman County. Kaufman County may be served with citation herein by and through its agent for service of process, County Judge Bruce Wood, 100 W. Mulberry, Kaufman, Texas 75142.

6. Defendant Bill Cuellar, upon information and belief, is a resident of Kaufman County, Texas, and at all times material herein was a sheriff deputy acting individually and in the course and scope of his employment for Kaufman County. Defendant Cuellar is being sued in this lawsuit in both his individual and official capacity. Cuellar may be served with citation wherever he may be found.

7. Defendant Garry Huddleston, upon information and belief, is a resident of Kaufman County, Texas, and at all times material herein was a sheriff deputy acting individually and in the course and scope of his employment for Kaufman County. Defendant Huddleston is being sued in this lawsuit in both his individual and official capacity. Huddleston may be served with citation wherever he may be found.

8. Defendant Matthew Hinds, upon information and belief, is a resident of Kaufman County, Texas, and at all times material herein was a corporal acting individually and in the course and scope of his employment for Kaufman County. Defendant Hinds is being sued in this lawsuit in both his individual and official capacity. Hinds may be served with citation wherever he may be found.

## JURISDICTION AND VENUE

9. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to decedent, Gabriel A. Winzer, by constitutional and statutory provisions.

10. Venue is proper in this court because the causes of action occurred within the Northern District of Texas, Dallas Division.

## FACTS

11.     On or about April 27, 2013, Gabriel A. Winzer ("Gabriel") was walking near his home with a toy gun in his hand.  Gabriel was not harming anyone nor was he threatening anyone.  Gabriel, suspected to be a mentally incapacitated 25 year-old black male, was shot and killed by deputies of Defendant Kaufman County Sheriff's department.  Gabriel was shot, tased, and killed by said law enforcement officers near and on the premises of his father, Henry Winzer's home at 10506 County Road 316 A Terrell, Texas 75161.

12.     Henry Winzer ("Henry"), the father of Gabriel, was at home at the time Gabriel was walking in the neighborhood with a toy gun.  It was clearly apparent that the gun Gabriel had in his hand was not real, based on the color of it.  Most of the neighbors were familiar with Gabriel and accustomed to seeing him in the neighborhood and did not fear him.  Gabriel was a known by his neighbors to be polite, well mannered and a well-behaved young man.

13     Noticing that several individuals had come outside, Henry instructed Gabriel to come home.  In fact, Henry met up with Gabriel and walked him home. As they approached their home, Henry noticed that an automobile identified by the Kaufman Sherriff Department emblem was following them. Henry went inside of his home but Gabriel was not with him.  Henry searched his home for Gabriel to tell him that Sherriff Deputies were outside so that he would not go outside because he did not know what was going on.

14.     Henry noticed Gabriel pushing a bicycle, which he would eventually get on.  According to Henry, Gabriel did not have the toy gun in his hands while he was on the bike.  Henry had both hands on the handle bar of the bike. Despite not committing a penal offense or placing anyone in reasonable fear of imminent harm or danger, Kaufman sheriff deputies

identified as Bill Cuellar, Garry Huddleston and Matthew Hinds, fired multiple shots at Gabriel, striking him in the chest, shoulder and upper back.

15. Noticing Gabriel had been shot, Henry ran outside to see if he could assist him. Henry could not initially locate Gabriel but was able to find him when he heard him cough. Gabriel had crawled under the house to escape the shooting. Henry called out Gabriel's name and heard the following: "Come get me daddy" so, he quickly crawled under the house and found Gabriel lying directly under the side door near his room.

16. Henry attempted to pull Gabriel from underneath the home to get him help. As he pulled Gabriel from he noticed a bullet lodged under the skin at the back of his skull behind his right ear. Henry did what he could to comfort Gabriel, who was in severe pain. Gabriel asked his father for some water in which Henry complied with his request. As Gabriel finished the water, he said "save me daddy." Henry attempted to give Gabriel mouth to mouth resuscitation but was not successful. Gabriel died in the presence of his father, who was also viciously beaten and arrested for attempting to assist his son..

17. Deadly force was used on Gabriel although he did not pose an imminent threat of danger and/or harm to the sheriff deputies. Kaufman Sherriff Deputies Cuellar, Huddleston and Hinds' use of excessive and deadly force resulted in the death of Gabriel.

18. As a result of Defendants' deadly and unlawful attack on Gabriel, he sustained multiple injuries, which led to his painful death.

19. Defendant, Kaufman County, Texas and KCSD have a longstanding record of not providing KCSD officers with adequate training, not preventing excessive force and extrajudicial killings by Kaufman County Sheriff deputies. Sherriff Deputies Cuellar, Hinds and Huddleston's inadequate training resulted in the wrongful death of Gabriel.

20.     KCSD did not provide adequate training to Sherriff Deputies Cuellar, Hinds and Huddleston and other involved deputies in the proper use of dealing with individuals who suffered from a mental illness.

21.     KCSD did not provide adequate training to its deputies on proper arrest and confrontation techniques, specifically with individuals suffering from a mental illness.

22.     Sherriff Deputies Cuellar, Hinds and Huddleston's unlawful and unwarranted acts, lack of training and the official customs or policies of the KCSD caused Gabriel's wrongful and painful death.

23.     Plaintiffs would also show that at all times material hereto, Sherriff Deputies Cuellar, Hinds and Huddleston were acting individually and in their official capacities when they caused Gabriel's death.

24.     Plaintiffs would further show that Sherriff Deputies Cuellar, Hinds and Huddleston's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures of the KCSD in regards to the use of deadly force for which Kaufman County, Texas and the Policymakers, specifically, Judge Bruce Wood along with Sheriff David Byrnes, knew or should have known but never provided the requisite and proper training.

25.     Moreover, no reasonably competent official would have concluded that the actions of Sherriff Deputies Cuellar, Hinds and Huddleston and other Kaufman County Sherriff Deputies' conduct was justified nor was the treatment of Gabriel, reasonable.

26.     There is no evidence that Sherriff Deputies Cuellar, Hinds and Huddleston or anyone else were in danger of imminent danger or great bodily harm.  There were no struggles that would indicate that the use of excessive and/or deadly force was justified. Gabriel had

committed no penal offense; and Gabriel was not evading arrest.

27. Sherriff Deputies Cuellar, Hinds and Huddleston's unlawful and unwarranted acts, lack of training and the official customs or policies of the KCSD caused Gabriel's injuries. As a direct and proximate result of the Defendants' conduct, Plaintiffs have sustained substantial damages and pecuniary loss.

28. Gabriel was twenty five (25) years old when he was killed. He had a reasonable life expectancy of living at least 59 more years to age 84. Gabriel's life ended with his tragic death.

29. During his lifetime, Gabriel was industrious and energetic, a good son and provider. He performed numerous and usual tasks in and about the family residence and gave advice, counsel, comfort, care, and protection to his family. In all reasonable probability, he would have continued to do so.

30. Upon information and belief, the KCSD have not implemented policies and procedures to aggressively curtail death and/or injuries as a result of the improper use of deadly force.

## EXCESSIVE FORCE
## COUNT I-42 U.S.C. § 1983

31. Plaintiffs incorporates by reference paragraphs 1 through 30 as if fully set forth herein. Plaintiffs would show that Defendants' actions on the occasion in question were wrongful in depriving Gabriel of his constitutional rights, as alleged more fully below.

32. Plaintiffs would show that at all times material hereto, Sherriff Deputies Cuellar Hinds and Huddleston had a duty to avoid infliction of unjustified bodily injury to Gabriel, to protect his bodily integrity and to not trample on his constitutional rights.

33. Plaintiffs would show that Sherriff Deputies Cuellar, Hinds and Huddleston failed to act as a reasonable sheriff deputy would have acted in the same or similar circumstances. That is, Sherriff Deputies Cuellar, Hinds and Huddleston, without justification and the need to do so, used excessive and deadly force as described above and killed Gabriel without legal justification. Gabriel never made any threatening gestures towards anyone and did not posed an immediate threat to the safety of them or others.

34. Sherriff Deputies Cuellar, Hinds and Huddleston were not provoked when they shot Gabriel multiple times for no lawful reason. Gabriel died as a result of multiple gunshots to his body. The excessive and deadly force used by Sherriff Deputies Cuellar, Hinds and Huddleston was not reasonable, justified nor was it necessary under the circumstances.

35. Sherriff Deputies Cuellar, Hinds and Huddleston's actions were not objectively reasonable because they followed a procedure designed to inflict excessive and deadly force in restraining individuals in a non-life threatening situation.

36. Plaintiff would show that Defendants denied Gabriel his right to be free from deprivation of his rights without due process of law, in violation of the Fourth Amendment to the United States Constitution.

37. The force used by Sherriff Deputies Cuellar, Hinds and Huddleston was unnecessary, excessive and unreasonable under the circumstances, as Gabriel did not posed an immediate threat to the safety of anyone, he had not committed a crime such that the use of such excessive and deadly force was necessary.

38. As a result of these Constitutional violations to Gabriel and the injuries he sustained, Plaintiffs seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## FAILURE TO TRAIN - KAUFMAN COUNTY
## COUNT II 42 U.S.C. § 1983

39. Plaintiffs incorporate by reference paragraphs 1 through 38 as if fully set forth herein.

40. Sherriff Deputies Cuellar, Hinds and Huddleston and other deputies at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices and policies of Kaufman County and the KCSD in regards to the use of deadly force, dealing with injured or mentally ill individuals and the wrongful detention as authorized and/or ratified by the Policymakers, specifically, Judge Wood, along with Sheriff Byrnes.  Gabriel was deprived of rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States, by Kaufman County failing to provide proper training in dealing with injured or mentally ill individuals, deadly force and wrongful detentions in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

41. With respect to the claims made the basis of this lawsuit, Kaufman County and the KCSD failed to adequately train its deputies on how to deal with injured or mentally ill individuals, the use of deadly force and wrongful detentions.  The failure to train its deputies in a relevant respect reflects a deliberate indifference to Kaufman County, KCSD, Judge Wood and Sheriff Byrnes to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

42. Defendant Kaufman County, KCSD, and Sheriff Byrnes under the direction of Judge Wood developed and maintained a policy of deficient training of its police force in the use of force, including the proper use of deadly force and wrongful detentions and apprehension of individuals with a mentally illness. Kaufman County Sherriff Department's training is designed and implemented by Sheriff Byrnes under the direction of Judge Wood, to act in this regard.

43. Kaufman County, KCSD, Judge Wood and Sheriff Byrnes' failure to provide adequate training to its deputies on how to deal with injured or mentally ill individuals, the use of deadly force and wrongful detentions reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that deputies would use excessive or deadly force on citizens and made the violations of Stokes' constitutional rights, including his death, a reasonable probability.

44. Plaintiff would show that the individual deputies' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which Kaufman County, KCSD, and Sheriff Byrnes under the direction of Judge Wood knew or should have known but never provided the requisite and proper training.

45. On information and belief, Defendant Kaufman County, KCSD, Sheriff Byrnes and Judge Wood, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Gabriel failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to Gabriel during his struggle to survive and implemented policies, procedures, and practices which actually interfered with or prevented with or prevented Stokes from receiving the protection, assistance and care he deserved.

46. For instance, the following conduct, policies, and customs, *inter alia*, by Defendants violated Gabriel's constitutional rights:

a. Kaufman County and KCSD's failure to adequately train or discipline its officers;

b. Defendants' policy on the proper use of deadly force;

c. Defendants' inadequate training on how to deal with individuals with a mental illness;

d. Failure to train deputies to first take cover at a safe distance and create a barrier between themselves and others;

e. Failure to train deputies on how to have actual dialogue with a mentally ill person or suspect;

f. Using deadly force against Gabriel who was not resisting;

g. Using deadly force against Gabriel who had committed no crime or attempting to harm anyone;

h. Using deadly force against Gabriel when he had already been shot and was laying on the ground.

47. In addition, Defendant Kaufman County and the KCSD, as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of deadly force. In so doing, Defendant Kaufman County knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- *i.e.*, Gabriel's death-- in all reasonable probability would occur.

48. Kaufman County's failure to properly train and discipline its deputies was the proximate cause of the violations of Gabriel's constitutional rights.

## PUNITIVE/EXEMPLARY DAMAGES
## COUNT III

49. Plaintiffs incorporate by reference paragraphs 1 through 48 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendant Cuellar, Hinds and Huddleston was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Gabriel's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or

misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages are awarded against Defendants Cuellar, Hinds and Huddleston in a sum which is within the jurisdictional limits of this court.

### SURVIVAL ACTION
### COUNT IV

50. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff Eunice Winzer is the Representative for the estate of Gabriel A. Winzer.

52. Gabriel died as a result of the Defendants' wrongful conduct.

53. Gabriel would have been entitled to bring this action against the Defendants if he had lived.

54. Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.021, the decedent's right of action for wrongful and negligent conduct against the Defendants survive in favor of heirs, legal representatives, and the estate of the deceased.

55. Defendants are liable to Plaintiffs for the loss of Gabriel's life, pain and suffering, and the violation of his civil rights. Plaintiffs seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

### WRONGFUL DEATH
### COUNT V

56. Plaintiff incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

57. By reason of Defendants' wrongful conduct of killing Gabriel without the threat of imminent death or serious bodily harm, Defendants are liable for damages.

58. Defendants' conduct that caused Gabriel's death was a producing cause of injury, which resulted in the following damages: loss of a family relationship, love, support, services, emotional pain and suffering, and for their acts and infliction of emotional distress caused by the wrongful killing of Gabriel.

59. Plaintiffs seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## DAMAGES ALL DEFENDANTS
## COUNT VI

60. Plaintiff incorporates by reference paragraphs 1 through 59 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiffs and decedent:

    a. Actual damages;

    b. Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    c. Pain and suffering and mental anguish suffered by Gabriel prior to his death;

    d. Mental anguish and emotional distress suffered by Plaintiffs;

    e. Loss of quality of life;

    f. Funeral and burial expenses;

    g. Loss of service;

    h. Loss of earnings and contributions to Plaintiffs;

    i. Exemplary and punitive damages against Defendants Cuellar, Hinds and Huddleston;

    j. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiffs should

      be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

      k. Prejudgment interest; and

      l. Post judgment interest.

61. Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court.

## COSTS AND ATTORNEY FEES

62. Plaintiffs incorporate by reference paragraphs 1 through 61 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiffs request the Court to award costs and attorney fees incurred in Plaintiffs' prosecution of this litigation.

## CONDITIONS PRECEDENT

63. Plaintiffs reserve their rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs' recovery have been performed or have occurred.

## TRIAL BY JURY

64. Plaintiffs have paid a jury fee and demands trial by jury.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

By: /s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714
**WASHINGTON LAW FIRM, P.C.**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214 880-4883
214-751-6685 - fax

**ATTORNEYS FOR PLAINTIFF**